Filed 1/28/14  P. v. Osuna CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B248186 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA086410) |
| v. | |
| JUAN HILARIO OSUNA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Jared D. Moses, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Juan Hilario Osuna (defendant) was convicted of first degree residential burglary. (Pen. Code, § 459[1]). On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment. On September 12, 2013, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant filed a letter brief in which he contends that there was insufficient evidence to support his conviction. We have reviewed the record and affirm the judgment.

## FACTUAL BACKGROUND

A.      Prosecution Evidence

Leo Silva (Silva) testified that he lived in Duarte, with his brother, and occasionally his parents. In the morning of December 30, 2010, Silva departed his house to go to work. Before he left his home, he did not lock the sliding door that separated the backyard to the kitchen (sliding door), but he locked the door that led from the kitchen to the interior of the house (kitchen door). Other than his brother and parents, he did not give anyone permission to enter into the house while he was at work. Silva did not know defendant, never saw him at the house or a family function before, and did not have any reason to believe defendant had permission to enter Silva's house.

Silva testified that when he returned home from work, he saw that the unlocked sliding glass door and the locked kitchen door was open, and a portion of the glass panel in the kitchen door had been "split open" such that he could "reach a hand inside the

---

[1]      All statutory citations are to the Penal Code unless otherwise noted.

door." He also saw that the drawers and closets in the home had been opened; and a television, a computer, the contents of his mother's jewelry box, and an expensive watch were missing.

Los Angeles County Sheriff's Department Deputy John Michael Jansen, Jr. testified that he arrived at Silva's residence at about 6:00 p.m. on December 30, 2010. He saw that the window frame on the kitchen door had been "pushed in," the window was broken off the frame, and "a lot of drawers and dressers and things . . . were pulled open and disheveled as if someone was going through all the different dressers and drawers throughout the house." Deputy Jansen requested that the Sheriff's Department dispatch a fingerprint investigator to the home.

Los Angeles County Sheriff's Department Technician Rebeka Carr testified that on January 4, 2011, she arrived at Silva's residence and observed that the kitchen door had been removed from its frame and placed inside the house. She found two palm prints on the kitchen door, and preserved each print on its own card.

Los Angeles County Sheriff's Department Detective Roger McNichols testified that Los Angeles County Sheriff's Department employee Marisela Rowles submitted the palm prints that Carr had taken from Silva's residence to the Automated Fingerprint Identification System (AFIS) database. The AFIS database identified defendant as a suspect based on the similarity of one of the prints to an exemplar of defendant's palm prints stored in the database. Detective McNichols examined the prints Carr had taken from Silva's residence and concluded that one of the palm prints matched the exemplar of defendant's palm prints stored in the AFIS database.

Los Angeles County Sheriff's Department employee John Chun verified Detective McNichols' conclusion that the palm print Carr had taken from Silva's residence matched the exemplar of defendant's palm prints stored in the AFIS database. Los Angeles County Sheriff's Department Deputy Steve Woolum testified that he also verified Detective McNichols' conclusion.

Detective McNichols took defendant's palm print during trial, examined it, and concluded that it matched both the exemplar of defendant's palm prints stored in the AFIS database and the palm print that Carr had taken from Silva's residence.

B.    Defendant's Evidence

Defendant did not testify at trial.

## DISCUSSION

### A.    Substantial Evidence

Defendant contends that there was insufficient evidence "To Prove The Case." We disagree.

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Avila* (2009) 46 Cal.4th 680, 701.)  "We must presume in support of the judgment the existence of every fact that the trier of fact could reasonably deduce from the evidence.  [Citation.]" (*People v. Medina* (2009) 46 Cal.4th 913, 919.)  "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict.  [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  "In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts.  [Citation.]  Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)  "Substantial evidence includes circumstantial evidence and the reasonable inferences flowing therefrom." (*People v. Ugalino* (2009) 174 Cal.App.4th 1060, 1064.)  "We 'must accept logical inferences that

the jury might have drawn from the circumstantial evidence. [Citation.]' [Citation]." (*People v. Zamudio*, *supra*, 43 Cal.4th at pp. 357-358.)

Defendant was convicted of first degree residential burglary in violation of section 459. Section 459 provides, "Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." The trial court instructed the jury with a modified version of CALJIC No. 14.50, defining burglary, stating, "Defendant is accused in Count one of having committed the crime of burglary, a violation of section 459 of the Penal Code. [¶] Every person who enters any building with the specific intent to steal, take, and carry away the personal property of another of any value and with the further specific intent to deprive the owner permanently of that property is guilty of the crime of burglary in violation of Penal Code section 459. [¶] It does not matter whether the intent with which the entry was made was thereafter carried out. [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A person entered a building and [¶] 2. At the time of the entry, that person had the specific intent to steal and take away someone else's property, and intended to deprive the owner permanently of that property."

Defendant contends that Deputy Jansen testified that he did not take photographs of the point of entry into the home, but Silva, the homeowner, testified that Detective Jansen had taken photographs of that location. In addition, he argues that the jury should not have found Detective McNichols credible. But, as noted above, "In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact." (*People v. Young*, *supra*, 34 Cal.4th at p. 1181.)

Defendant contends that because no photographs of the crime scene were introduced as evidence during trial, there was no "proof" that the home "was broken into." There was, however, substantial evidence that Silva's home "was broken into." Silva testified that he saw that the sliding glass door and the locked kitchen door had been opened, a glass panel in the kitchen door had been broken, drawers and closets in the

5

home had been opened, and items in the house were missing. Deputy Jansen testified that he saw the broken kitchen door, and several drawers had been pulled open "as if someone was going through all the different dresser and drawers throughout the house."

Defendant also contends that because the kitchen door had been removed and replaced by an exact replica, there is no "Proof That There Was In Fact A Print." There was substantial evidence that there was defendant's palm print on the removed door. Carr testified that upon arriving at Silva's residence, she observed that the kitchen door had been removed from its frame and placed inside the house, and she found two palm prints on the door. Detective McNichols testified that the AFIS database identified one of the palm prints Carr had taken from Silva's residence as defendant's palm print. Detective McNichols examined that palm print and also concluded that it matched the exemplar of defendant's palm prints stored in the AFIS database. Detective McNichols' conclusion was verified by Chun and Deputy Woolum. Detective McNichols also took defendant's palm print during trial and concluded that it matched both the exemplar of defendant's palm prints stored in the AFIS database and the palm print that Carr had taken from Silva's residence.

Defendant argues that there was no evidence that when Silva or a member of his family removed the door that he or she was wearing gloves, and asks "Was The Door Tampered With . . . Thus Contaminating The Only Evidence[?]" Because there is no evidence in the record that the door was "contaminated" with palm prints of whoever removed the kitchen door, defendant's contention is speculative.

Even if the door had been "contaminated" with the palm prints of whoever removed the kitchen door, it is of no consequence. As noted above, there is substantial evidence that a palm print Carr had taken from Silva's residence was defendant's palm print.

In addition, defendant contends that his lawyer said that there was no evidence that when Silva or a member of his family removed the door that he or she was wearing gloves, but the jury "over looked" [*sic*] it "Like It Was Not Important." Defendant's counsel argued during closing argument that there is no evidence that whoever handled

6

the door when it was removed from its hinges wore gloves or took extra precautions not to touch the glass part of the door. There is no evidence that the jury "over looked" [*sic*] the argument by defendant's counsel in the sense of not recognizing that the argument was made. Instead, it may be reasonably inferred that the jury rejected the argument.

### B. Review

In addition to reviewing and addressing the matters raised in defendant's letter brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with counsel's responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


MINK, J.*

---

* Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.